**Terrence UPSHAW, Santos Negron, Petitioners–Appellants,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 01–2245(L).**

United States Court of Appeals, Second Circuit.

June 4, 2003.

Georgia J. Hinde, New York, NY, for Appellants.

David C. James, Assistant United States Attorney for the Eastern District of New York (Alan Vinegrad, United States Attorney, Joseph A. Pavone, Peter Norling, and Barbara D. Cottrell, Assistant United States Attorneys, on the brief), New York, NY, for Appellee.

PRESENT: OAKES, JACOBS, and CALABRESI, Circuit Judges.

*SUMMARY ORDER*

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 4th day of June, two thousand three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgments of the district courts be AFFIRMED.

Petitioner–Appellant Terrence Upshaw appeals from a final judgment entered in the United States District Court for the Northern District of New York (McAvoy, *J.*). Petitioner–Appellant Santos Negron appeals from a final judgment entered in the United States District Court for the Eastern District of New York (Amon, *J.*). Both district courts denied appellants' petitions to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255. This court consolidated the appeals and granted a certificate of appealability on the issue of whether the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), applies retroactively on collateral review.

In *Coleman v. United States*, 329 F.3d 77 (2d Cir.2003), this Court held that the rule announced in *Apprendi* does not apply retroactively to initial habeas petitions filed pursuant to 28 U.S.C. § 2255. *Id.* at 82 (holding that *Apprendi* rule is both "new" and "procedural," but not "watershed"). Accordingly, appellants are not entitled to the relief that they seek.

For the reasons set forth above, the judgments of the district courts are AFFIRMED.